## Dunham *versus* Wright.

The deed of a married woman in which her husband does not join, is invalid and passes no estate.

ERROR to the Court of Common Pleas of *Erie county*.

This was an ejectment, brought January 12th 1865, by Theron E. Wright and Waity M. Wright his wife, against Lorenzo Dunham and others, for one-eleventh of 95 acres of land, in Corry, &c., 45 acres of which was held under an equitable title from H. J. Huidekoper. The plaintiffs claimed the land in the right of Mrs. Wright, one of eleven children of Jesse Dunham, deceased, who owned the whole tract at his death. The plaintiffs having proved their title, as above, the defendants offered in evidence a deed, dated May 19th 1859, from Mrs. Wright to Lorenzo Dunham for all her interest in the lands in controversy, to be followed by evidence that her husband, Wright, assisted her in making the contract of sale to Dunham; that they received the purchase-money together; that when the deed was executed by her, her husband was in the state of New York, and could not come over to join her in the deed, but agreed that he would at some future time; that she executed and acknowledged it in Pennsylvania, separate and apart from her husband, as her voluntary act, without coercion or compulsion of her husband, and delivered it to Dunham; and from that time onward both were frequently at Corry, and saw the improvements making on the same; that the consideration paid for the land was a full and adequate one, but since that time it has been increased in value a thousand fold by improvements on it costing $15,000, and by the general rise in lands.

This was objected to, because the husband had not joined in the deed with the wife, and the evidence rejected.

The same deed was again offered to prevent a recovery, " because the husband is by law the tenant in curtesy of the land, and consequently entitled to its possession, but, having agreed by parol to sell it, he cannot recover the possession so long as he is living from the vendees." This was objected to, and rejected.

The deed was again offered to show the wife's assignment of the supposed equity she might have in the contract of Huidekoper. This was objected to, and rejected. The court (Derrickson, A. J.) charged the jury " that the defendants had made out no defence, and the plaintiffs were entitled to recover."

[Dunham *v.* Wright.]

*J. C. & F. F. Marshall*, for plaintiffs in error.

*J. H. Walker* and *J. W. Wetmore*, for defendants in error, cited Trimmer *v.* Heagy, 4 Harris 484; Thorndell *v.* Morrison, 1 Casey 326; Pettit *v.* Fretz, 9 Id. 118; Act of February 2d 1770, § 2, 1 Sm. L. 307, Purd. 311, pl. 12; Richards *v.* McClelland, 5 Casey 385; Watson *v.* Barclay, 1 Browne 4; Jourdon *v.* Jourdon, 9 S. & R. 268; Dougan *v.* Blocher, 12 Harris 28, 34; Greenlee *v.* Greenlee, 10 Id. 225; Chadwick *v.* Felt, 11 Casey 305; Rittenhouse *v.* Levering, 6 W. & S. 190; 1 Story's Eq. 22.

The opinion of the court was delivered, October 25th 1866, by

AGNEW, J.—The three offers of the deed of Mrs. Wright to Lorenzo Dunham all proceed upon the same ground, to wit, the right to show by this deed that her title to the property was vested by it in Dunham.

For this purpose, it makes no difference whether that title was at law or in equity; for, the instrument being void, could pass neither. It was the character of the instrument which was the subject of the decision of the court below, and not the nature of the title which the paper professed to convey.

That the deed of a married woman in which her husband does not join is invalid and passes no estate, is the settled law of Pennsylvania. The authorities are collected in the case of Glidden *v.* Strupler and Wife, from Susquehanna county, opinion by myself, read at the present term (2 P. F. Smith 400).

The cases of Rumfelt and Wife, and Clemens and Wife, 10 Wright 455, and Glidden *v.* Strupler, just noticed, rule this; and the judgment must therefore be affirmed.